# O'Meara Law Office

304 Grand Concourse, Bronx, NY 10451
P.O. Box 806 Yonkers, New York 10702
Telephone (718) 585-2315 (914) 548-9005
Facsimile (718) 585-2048

July 14, 2011

Honorable Sandra L. Townes
United States District Judge

    Re: US v. Matin Camaj Et al. 08-cr-916

Dear Honorable Towns,

I represent Martin Camaj in the above referenced matter and write this letter in relation to his sentence, which is scheduled for August 5, 2011 at 2 pm.

As indicated in the presentence report, Martin Camaj is a hardworking young man and has tremendous family support including his mother, sisters, brother and bride to be.

Although the pre-sentence report eluded to the 2 additional point reduction in the plea agreement, I would like to confirm that this additional reduction be applied as it was made as part of the agreed upon plea and, as required, Mr. Camaj plead guilty prior to the deadline and, therefore, deserving of the agreed upon 2 point reduction.

Furthermore, I am asking for an additional 2 point reduction based upon the 2D1.1(b)(15), which recognizes instances where the participation in the criminal activity stems from reasons other then personal monetary gain and states,

> If the defendant receives the 4-level ("minimal participant") reduction
> In §3B1.2(a) and the offense involved all of the following factors:
>
> (A) the defendant was motivated by an intimate or familial relationship or by threats or fear to commit the offense and was otherwise unlikely to commit such an offense;
> (B) the defendant received no monetary compensation from the illegal purchase, sale, transport, or storage of controlled substances; and
> (C) the defendant had minimal knowledge of the scope and structure of the enterprise, decrease by 2 levels

Martin Camaj's only involvement in this criminal activity is limited to permitting members of his extended family store controlled substances in his apartment and, on occasion, discuss limited aspect of the criminal activity. The majority of the time the criminal activity transpired Martin Camaj was not present, because he worked full time while these illegal activities took place. Martin Camaj had no direct involvement with the transportation and/or sale of the controlled

# O'Meara Law Office

304 Grand Concourse, Bronx, NY 10451
P.O. Box 806 Yonkers, New York 10702
Telephone (718) 585-2315    (914) 548-9005
Facsimile   (718) 585-2048

substance and did not directly participate in any "drug" transactions. Martin Camaj would not have been involved, if his extended family had not requested a favor from Martin Camaj. There is no relationship between the other actors and Martin Camaj and, therefore, my client would not have had any involvement with this criminal activity, if not for his family involvement.

Martin Camaj did not receive any monetary consideration for his involvement in the criminal enterprise. Martin Camaj allowed his extended family to utilize his apartment for storage of the controlled substance for short periods of time. He was not involved in the transportation or sale of the controlled substance and received no substantial monetary consideration from his family. As indicated in the pre-sentence investigation report, Martin Camaj only received minimal help with his rent.

This overall criminal activity that encompassed this complicated criminal enterprise reached from Canada throughout different parts of the east coast. The case involved the transfer of money and marijuana at various locations, including Indian Reservations in the northern most part of New York State, stretching into Canada. The defendant, Martin Camaj, rented a studio in Yonkers, NY, and worked full time as the manager of Janitorial Company in New York City, while the transport of the marijuana occurred. His extended family asked him to use their apartment to store marijuana. Unfortunately, Mr. Camaj said , "yes".

Martin Camaj had no knowledge of the extent of the criminal activity that occurred in his own apartment and stayed voluntarily ignorant to the transgressions that were, at least, partially obvious for a period of time in his apartment. However, it is evident that he had little, if any, knowledge of the operations of the entire drug operation.

Based upon the foregoing I am respectfully requesting an additional reduction of 4 points; 2 points for the global disposition, and 2 additional points pursuant to 2D1.1(15).

Thank you.

_____

Brendan O'Meara